## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**COLONY NATIONAL INSURANCE
COMPANY,**

      **Plaintiff,**

**v.**                                  **Case No.  8:13-cv-1750-T-30AEP**

**CONTROL BUILDING SERVICES, INC.,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Control Building Services, Inc.'s Motion for Judgment on the Pleadings (Dkt. 19) and Plaintiff Colony National Insurance Company's Response in Opposition (Dkt. 20).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

This is a breach of contract action related to an insurance policy Plaintiff Colony National Insurance Company issued to Defendant Control Building Services, Inc. ("CBS"). Colony National alleges that it settled two third-party claims for CBS' benefit under the policy and the settlement amounts exceeded the policy's "retained limit".  (Dkt. 2).  Colony National demanded that CBS reimburse Colony National the self-insured retention amounts,

i.e., $100,000, for each of the two occurrences, and CBS has refused and continues to refuse to fulfill its contractual obligation to reimburse Colony National the $200,000.

CBS now moves for judgment on the pleadings. CBS contends that the subject policy attached to the complaint demonstrates that CBS does not have an obligation to pay the self-insured retention amount as a matter of law. The Court disagrees.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

CBS is the first Named Insured under the Colony National policy. The "Named Insured Endorsement" to the policy identifies additional Named Insureds. CBS argues that it cannot be liable for the self-insured retention amounts that are due to Colony National

based on Colony National's settlement of two underlying personal injury actions brought against several parties insured under the subject policy because CBS was never a party to the underlying actions.  At this stage, CBS' argument fails.

The subject policy attached to the complaint includes an endorsement entitled "Self Insured Retention" that provides in pertinent part:

> D.      We shall have the right but not the duty, at our own expense, to assume charge of the defense and/or settlement of any claim or "suit" brought against an insured and, upon our written request, you shall tender such portion of the self-insured retention as we consider necessary to complete the settlement of a claim or "suit."

(Dkt. 2-1, 53/72).  The Colony National policy states that "throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."  *Id.* at 15/72.  The policy defines "suit" in relevant part as " . . a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."  *Id.* at 29/72.  Moreover, paragraph II. D. of the Self Insured Retention endorsement states that "[p]ayments by others, including but not limited to additional insureds and insurers, cannot be used to settle a claim or satisfy a verdict payment owed by you within the Retained Limit."  *Id.* at 51/72.  In addition to being a Named Insured under the policy, CBS is also the "first Named Insured", a designation that makes CBS responsible for additional duties and obligations under the policy.

Reading the provisions set forth above as a whole suggests that CBS, as a Named Insured, may be obligated to pay the self-insured retention for the settlement of the civil

proceedings.  The subject policy does not contain a provision limiting the obligation to pay the self-insured retention to a Named Insured who was a party to the "suit".  Notably, CBS' motion does not cite to any case law in support of its interpretation of the policy.

At this stage, the Court must assume the truth of the complaint's allegations and draw all inferences in Colony National's favor.  Under that guidance, the Court concludes that CBS' argument that the pleadings do not demonstrate its obligation to pay the self-insured retention fails.

It is therefore **ORDERED AND ADJUDGED** that Defendant Control Building Services, Inc.'s Motion for Judgment on the Pleadings (Dkt. 19) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1750.mtjudgonplead.wpd